Argued October 30, affirmed November 29, 1973

PARSYCK ET UX, *Appellants, v.* HAROLD ABBOTT ET AL, *Respondents.*

516 P2d 78

*Gerald A. Martin,* Bend, argued the cause for appellants. With him on the briefs were Gray, Fancher, Holmes & Hurley.

*Ronald L. Marceau,* Bend, argued the cause for respondents. With him on the brief were Lyman C. Johnson, Jr., Panner, Johnson, Marceau & Karnopp.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

McALLISTER, J.

Plaintiffs brought this action to recover for damage

by fire to their service station in Bend caused by the negligence of their lessees, the defendants. The judge found for defendants and the plaintiffs appeal. We affirm.

The sole issue is whether there was evidence to support the finding that negligence of the plaintiff Howard F. Parsyck contributed to cause the fire. A brief statement of the controlling facts will demonstrate that the evidence amply supported the finding. Hereafter we will refer to the plaintiff Howard F. Parsyck as if he were the sole plaintiff.

There was evidence, much of it uncontradicted, from which the court could have found the following facts: Plaintiff leased the service station to defendants November 1, 1967, and defendants in turn subleased the station to operators named Hill. The service station when leased was equipped with an oil heater in the office. Shortly thereafter defendants replaced the original heater with a new and larger heater purchased from plaintiff. None of the parties could recall who installed the new heater, but, in any event, it was set on the floor so that the flame was only about four to six inches above floor level.

In December 1967 the Bend Fire Marshal inspected the station and ordered that the heater be raised to an elevation of not less than two feet from the floor to comply with a city fire prevention ordinance. The fire marshal testified that it was assumed that there will be flammable vapors from time to time in a service station; that these vapors are heavier than air and "tend to drop to floor level" and by raising the source of ignition at least 24 inches above the floor the chance of a fire starting from an incidental spill is

minimized. The heater was elevated by placing it on cement blocks, but it did not work satisfactorily in its elevated position, apparently because the tank from which oil flowed by gravity to the heater was not also raised. In any event, after a consultation between plaintiff and the operators plaintiff instructed the operators to lower the heater and put it back on the floor.

On February 9, 1968, one of the station operators was cleaning the office floor with a cleaning compound to which he had added gasoline. The flame of the heater ignited the gasoline vapors, causing a fire which substantially damaged the building. The trial court found that the plaintiff was negligent in directing the defendants or their operators to lower the heater to the floor and that this negligence "proximately contributed to the cause of the fire."

Plaintiff, by his assignments of error, contends that (1) defendants failed to prove by a preponderance of the evidence that lowering the heater from 24 inches above the floor down to floor level was a proximate cause of the fire, and (2) that the heighth of the heater "was a mere passive condition of the premises and did not constitute contributory negligence". Plaintiff's argument about proximate cause is sufficiently answered by his complaint and his brief. In his complaint plaintiff alleged that the fire was proximately caused by the negligence of defendants in "installing the heating unit within 24 inches of the floor in violation of the Uniform Building Code of the City of Bend." Certainly, if lowering the heater was a proximate cause of fire if done by the defendants, it was also a proximate cause of the fire if done by plaintiff or in response to his instructions. Plaintiff also in his brief concedes that there was evidence that "lowering the heater from

an elevation of 24 inches to near floor level was a proximate cause of the fire." This evidence was the testimony of the Bend Assistant Fire Chief. We are not concerned in this court with proof by a preponderance of the evidence, but are concerned whether there is *any* evidence to support the finding of the trial court. On oral argument in this court plaintiff conceded that there was substantial evidence to support the finding by the trial court that the plaintiff instructed the station operators to lower the heater and replace it at floor level.

Plaintiff's other contention is that the lowered heater was not a "proximate cause of the fire," but was a "mere condition." Making a distinction by using the term "proximate cause" as distinguished from "mere condition" is not illuminating. The question should be posed whether the plaintiff could have reasonably foreseen that other persons were likely to act in such a way that the other persons' conduct would combine with the lowering of the heater to cause a fire. This is a question of negligence, not causation. In this case the question was properly one for the trier of fact because there was evidence that the plaintiff should have foreseen that inflammables might be brought into contact with the lowered heater. *Dewey v. A. F. Klaveness & Co.*, 233 Or 515, 542, 379 P2d 560 (1963). See, also, *Oregon Mutual Fire Ins. Co. v. Mayer*, 211 Or 556, 316 P2d 805 (1957), McALLISTER, J., dissenting, at 568.

The judgment is affirmed.